# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUSSELL,<br><br>                Plaintiff,<br>vs.<br><br>PERRY & SHAW, INC.,<br><br>                Defendant. | CASE NO. 07CV0953-LAB (WMc)<br><br>**ORDER GRANTING LEAVE TO FILE SECOND AMENDED COMPLAINT** |

On May 23, Plaintiff filed his complaint. On June 18, 2007, he filed his amended complaint pursuant to Fed. R. Civ. P. 15. Plaintiff then attempted, without leave of the Court, to file a second amended complaint, which was rejected by discrepancy order signed on July 12, 2007 and entered on July 16, 2007.

On July 18, 2007, Plaintiff moved *ex parte* to file a second amended complaint. Specifically, he wishes to add Defendants and drop Duke Energy Corporation as a Defendant. Plaintiff has, however, identified his second amended complaint as "dated June 25, 2007," perhaps as a request to have the second amended complaint filed *nunc pro tunc* to the date he first attempted to file it.

Pursuant to Fed. R. Civ. P. 15(a), Plaintiff is hereby **GRANTED LEAVE** to file a second amended complaint adding and dropping Defendants as specified in his *ex parte* motion filed July 18, 2007. The second amended complaint shall not, however, be filed *nunc pro tunc*.

Plaintiff's filings demonstrate some uncertainty about electronic filing procedures and other procedural rules. For example, on June 18, 2007, an issue of non-compliance with Local Rule 5.4(a) regarding mandatory electronic filing was issued. Plaintiff's *ex parte* motion is submitted without line numbering, in violation of Civil Local Rule 5.1(a). Rather than seeking leave of chambers to submit a proposed order, Plaintiff electronically filed a proposed order as part of his *ex parte* motion, in violation of § 2(h) of the Electronic Case Filing Administrative Policies and Procedures Manual, adopted as of September 5, 2006 by General Order 550 and amended effective July 16, 2007 ("Registered users SHOULD NOT FILE OR SUBMIT proposed orders within the electronic filing system.") Plaintiff also submitted via email a copy of his proposed order in .pdf format, in violation of the same section. ("The proposed order must be in editable word processing format (i.e. WordPerfect or Microsoft Word) and not in .pdf format.")

While the Court does not consider these errors individually to be especially serious, they do cause procedural snarls and their frequency raises some concern regarding the orderly and efficient disposition of this case. Plaintiff's counsel is therefore directed to review the Federal Rules of Civil Procedure, the Civil Local Rules, the Court's standing order, and the Electronic Case Filing Administrative Policies and Procedures Manual.

The Clerk is directed to strike the proposed order attached to Plaintiff's *ex parte* motion filed July 18, 2007 from the record.

**IT IS SO ORDERED**.

DATED: August 9, 2007

*Larry A. Burns*
**HONORABLE LARRY ALAN BURNS**